CAMPOS-MARQUETTI & PAGAN, PLLC.
ROBERTO CAMPOS-MARQUETTI (RCM7237)
67 Wall Street
Suite 2211
New York, New York 10005
(212) 709-8285

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DUANE PENISTER,

                Plaintiff,                Civil Action No. 06 CV 4188  (RWS) (MHD)

  -against-

                                          **VERIFIED COMPLAINT**

INTERNATIONAL BUSINESS MACHINES
CORPORATION and BILL MAWHINNEY,

                Defendants.
-------------------------------------------------------------X

       **COMES NOW** plaintiff DUANE PENISTER, by and through his attorney, CAMPOS-MARQUETTI & PAGAN, PLLC., and as and for his Verified Complaint against defendants INTERNATIONAL BUSINESS MACHINES CORPORATION and BILL MAWHINNEY states and alleges as follows:

<u>Introduction</u>

       1.  Plaintiff brings this action to redress his right to employment free of discrimination on the basis of his race, color and retaliation.  This is a proceeding for damages to redress the deprivation of rights secured to the plaintiff by 29 U.S.C. Section 201 *et seq*., the Civil Rights Act of 1964, as amended, is based upon 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1343., and by Article 15, Section 290 *et seq*. of the New York State Human Rights Law.

## Jurisdiction and Venue

2. This Court has jurisdiction over the within federal claims pursuant to 29 U.S.C. Section 621 *et seq.* and the provisions of the Civil Rights Act of 1964, as amended, is based upon 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1343. Supplemental jurisdiction of the Court over the claims based on the New York State Executive Law is predicated on 28 U.S.C. § 1367. Jurisdiction of the Court is also invoked pursuant to 42 U.S.C. § 2000 e-5(f)(3), as it is an action under Title VII.

3. The court has jurisdiction over the state law claims pursuant to the doctrine of pendant jurisdiction.

4. This action properly lies in the Southern District of New York, pursuant to 28 U.S.C. Section 1391(b), because all of the unlawful employment practices alleged below were committed within the State of New York and within this judicial district.

5. Defendant IBM (hereinafter referred to as "IBM"), a corporation doing business in State of New York, is capable of being sued, is an employer under 42 U.S.C. § 2000(e)(b), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)(h).

## PARTIES

6. Plaintiff herein, a citizen of the United States and a resident of the State of New York, was an employee of the defendant IBM. Plaintiff, an African-American man, was employed by defendant IBM as a. project manager.

7. Defendant IBM, is one of the largest computer hardware companies in the world. Upon information and belief, IBM is a corporation organized and existing under the laws of the State of New York, with an office in the City of Sterling Forest and State of New York.

8.     Defendant Bill Mawhinney is employed at IBM as a Customer Support Manager with the Business Continuity and Recovery Services Division at the Sterling Forest facility.

### Exhaustion of Administrative Remedies

9.     Prior to filing this civil action, plaintiff timely filed a written charge of race and color discrimination and retaliation under oath with the Equal Employment Opportunity Commission ("EEOC") on January 27, 2006.

10.    Plaintiff has filed this action less than three years after the defendant willfully violated plaintiff's rights under the Title VII and the New York State Executive Law section 296 *et seq.*, and within 90 days of the receipt on April 7, 2006 of notice from the EEOC of his right to sue.

### STATEMENT OF FACTS

11.    Plaintiff was first hired in 1997 by IBM as an IT Specialist and was assigned to the Hertz Corporation.

12.    Throughout the years of his employments with IBM, plaintiff performed his work assignments with a high degree of efficiency.  His work performance was always exemplary, receiving awards and certifications for his hard work and professionalism.   Plaintiff was eventually transferred/promoted to the position of project manager when he was reassigned to Business Continuity Recovery Services Division (BCRS) in Sterling Forest, New York.

13.    Plaintiff is one of only two African-American project managers in the Sterling Forest facility of defendant IBM.

14.    On or about January 19, 2004, plaintiff disagreed with a rating he received for the 2003 annual review from his then 1st line manager Thomas Flood.

15. Thomas Flood did not welcome this disagreement and communicated his sentiments to plaintiff's new 1st line manager defendant Bill Mawhinney.

16. In or about February 2004, defendant Bill Mawhinney was assigned as plaintiff's 1st line manager.

17. On May 28, 2004, only three months after defendant Bill Mahweenty was assigned to supervise plaintiff, defendant Bill Mawhinney notified plaintiff that he was being laid off.

18. Plaintiff refused to accept the Layoff package and requested mediation.

19. A meeting was setup with David Daniel, Director of Delivery of BCRS, to discuss the issue of plaintiff's layoff.

20. At this meeting, plaintiff informed David Daniel that he believed it was unfair and that he was not being treated fairly in comparison his white co-workers by being chosen to be laid off.

21. On June 10, 2004, David Daniel reversed defendant Bill Mawhinney's decision to layoff plaintiff.

22. Defendant Bill Mawhinney's attempt to layoff plaintiff was unjustified and that the actual reason was because he is African-American and Black.

23. On October 6, 2004, plaintiff was told by Emilio Seda, a Mid Tier Group team leader, that he was informed by defendant Bill Mawhinney to not help plaintiff resolve any job-related problems.

24. On October 26, 2004, plaintiff requested that defendant Bill Mawhinney signoff on plaintiff's project manager certification package.

25. Plaintiff received resistance from defendant Bill Mawhinney, but eventually, more two months later, defendant Bill Mawhinney signed plaintiff's project manager certification package.

26. On March 1, 2005, plaintiff was certified as a Senior Project Manager by defendant IBM. This is amongst the highest recognized certifications within defendant IBM for Project Managers.

27. In January 2005, plaintiff disagreed with the rating he received for the 2004 Annual Review. This review was conducted by defendant Bill Mawhinney

28. After meeting with defendant Bill Mawhinney to discuss the 2005 Annual Review, defendant Bill Mawhinney only made minimal changes to the review.

29. In December 2004, a white female colleague left plaintiff's office.

30. In January 2005, plaintiff was falsely accused of sexual harassment of this white female colleague by defendant Bill Mawhinney.

31. Defendant Bill Mawhinney sent a letter to plaintiff not on IBM letterhead, accusing him of sexual harassment and informing him that he was going to be disciplined and possibly terminated from defendant IBM.

32. This letter was not sanctioned by the Human Resources Department of defendant IBM and did not follow defendant IBM's internal polices and procedures.

33. Defendant Bill Mawhinney's attempt to discipline and terminate plaintiff by accusing him of sexual harassment was a pretext to attempt to terminate plaintiff because he is African-American.

34. In February 2005, plaintiff received a lower bonus than 2004, despite the fact that he received a higher performance rating in 2005.

35. In March 2005, plaintiff's workload was intentionally being overloaded by defendant Bill Mawhinney.

36. In March 2005, after an investigation by the Human Resources department of defendant IBM, all the accusations of sexual harassment against plaintiff initially lodged by defendant Bill Mawhinney were found to be unfounded.

37. In March 2005, plaintiff received a rating from defendant Bill Mawhinney which indicated the he was amongst the lowest contributors for 2005 despite the fact the his customer satisfaction rating was comparable or better than other project managers and that plaintiff received one of the most recognized accomplishments in obtaining IBM certification in 2005.

38. Between March 2005 and August 2005, defendant Bill Mawhinney continued to create a hostile work environment for plaintiff by assigning him more work than any other project manager at the Sterling Forest facility and assigning him all the troubled accounts without any assistance or support.

39. On August 1, 2005, after a formal request, plaintiff was assigned a new 1st line manager, Leo Ladaga.

40. From August 2005 thru November 2005, plaintiff sought other job opportunities within defendant IBM.  But, was unable to obtain another position when Bill Mawhinney made damaging statements about plaintiff's character when approached by potential employers inquiring about plaintiff's availability.

41. Defendants willfully discriminated against plaintiff, created a hostile work environment and denied equal terms and conditions of employment because of his race (African-American) and color (Black).

42. Defendants willfully retaliated against plaintiff when he complained about being unfairly being denied equal terms and conditions of employment because of his race (African-American) and color (Black).

43. As a direct and proximate consequence of defendant IBM's unlawful and discriminatory actions and their egregious conduct, plaintiff has suffered and continues to suffer a loss of income, mental distress, anguish and emotional pain and suffering.

### AS AND FOR A FIRST CLAIM AGAINST DEFENDANTS FOR DISCRIMINATION BASED ON RACE PURSUANT TO 42 U.S.C. §2000(e)

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint as though fully and completely set forth herein at length.

45  Plaintiff brings this claim pursuant to 42 U.S.C. §2000(e) (hereinafter referred to as "Title VII") and all statutes amended thereof and supplementary thereto.

46. The defendant's actions toward Plaintiff, as aforesaid, are in violation of, among other things, 42 U.S.C. §2000(e) which provides, in part:

> "It shall be an unlawful employment practice for an employer to... discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's ... race."

47. At the time all of the occurrences complained of herein were committed, Plaintiff was in the employ of defendant, having commenced his employment on or about 1997.

48.     The acts that Plaintiff complains of herein were all committed upon him while he was in the course of his employment with defendant and while Plaintiff belonged to a group protected against such acts.

49.     During his employment with defendant, Plaintiff was denied equal terms and conditions of employment and was a victim of a hostile environment because of his race (African-American).

50.     The aforementioned acts of defendants were willful, malicious, intentional and calculated, and so indecent, offensive and outrageous that it constitutes conduct that no civilized society should be required to tolerate and, therefore, defendants should be punished for their outrageous, egregious, oppressive and reprehensible conduct and deterred from such conduct in the future as an example to others similarly situated by an award of punitive damages against them.

51.     The Plaintiff is entitled to an award against the defendant for economic damages resulting from the aforementioned discrimination based on race.

52.     The plaintiff is entitled to an award against the defendant for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned race discrimination.

53.     The plaintiff is entitled to an award of punitive damages on this cause in an amount to be determined by the trier of fact.

54.     The Plaintiff is entitled to an award of her reasonable attorney fees on this Court.

**AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS
FOR DISCRIMINATION BASED ON COLOR
PURSUANT TO 42 U.S.C. §2000(e)**

55.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 of this Complaint as though fully and completely set forth herein at length.

56.     Plaintiff brings this claim pursuant to 42 U.S.C. §2000(e) (hereinafter referred to as "Title VII") and all statutes amended thereof and supplementary thereto.

57.     The defendant's actions toward Plaintiff, as aforesaid, are in violation of, among other things, 42 U.S.C. §2000(e) which provides, in part:

> "It shall be an unlawful employment practice for an employer to... discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's ... color."

58.     At the time all of the occurrences complained of herein were committed, Plaintiff was in the employ of defendant, having commenced his employment on or about 1997.

59.     The acts that Plaintiff complains of herein were all committed upon him while he was in the course of his employment with defendant and while Plaintiff belonged to a group protected against such acts.

60.     During his employment with defendant, Plaintiff was denied equal terms and conditions of employment and was a victim of a hostile environment because of his color (Black).

61.     The aforementioned acts of defendants were willful, malicious, intentional and calculated, and so indecent, offensive and outrageous that it constitutes conduct that no civilized society should be required to tolerate and, therefore, defendants should be punished for their outrageous, egregious, oppressive and reprehensible conduct and deterred from such conduct in the future as an example to others similarly situated by an award of punitive damages against them.

62.     The Plaintiff is entitled to an award against the defendant for economic damages resulting from the aforementioned discrimination based on race.

63.     The plaintiff is entitled to an award against the defendant for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned race discrimination.

64. The plaintiff is entitled to an award of punitive damages on this cause in an amount to be determined by the trier of fact.

65. The Plaintiff is entitled to an award of her reasonable attorney fees on this Court.

### AS AND FOR A THIRD CLAIM AGAINST DEFENDANTS
### FOR RETALIATION PURSUANT TO 42 U.S.C. §2000E-3(a)

66. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 of this Complaint as though fully and completely set forth herein at length.

67. The aforementioned conduct by defendants constitutes unlawful retaliation for complaining of race and color discrimination under Title VII, 42 U.S.C. Section 2000e-3(a).

68. The aforementioned unlawful retaliation for complaining of race and color discrimination by defendants was willful, purposeful, and malicious.

69. The Plaintiff was and is damaged by the aforementioned unlawful retaliation.

70. The Plaintiff is entitled to an award against the defendants for economic damages resulting from the aforementioned retaliation.

71. The plaintiff is entitled to an award against the defendants for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned retaliation.

72. The plaintiff is entitled to an award of punitive damages on this cause in an amount to be determined by the trier of fact.

73. The Plaintiff is entitled to an award of her reasonable attorney fees on this Court.

### AS AND FOR A FOURTH CLAIM AGAINST DEFENDANTS
### FOR RACE DISCRIMINATION PURSUANT TO
### <u>NEW YORK EXECUTIVE LAW §296</u>

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 73 of this Complaint as though fully and completely set forth herein at length.

75. This claim is one for unlawful discriminatory practice, pursuant to §§291(1), (6) and (7) of the New York Executive Law and for which a claim is authorized by an aggrieved individual pursuant to §297(9) of the New York Executive Law.

76. At the time all of the occurrences complained of herein were committed, Plaintiff was in the employ of defendants, having commenced his employment in 1997.

77. The acts that Plaintiff complains of herein were all committed upon him while he was in the course of his employment with defendant and while Plaintiff belonged to a group protected against such acts.

78. During his employment with defendant, Plaintiff was denied equal terms and conditions of employment and victimized from a hostile environment.

79. During his employment with defendant, Plaintiff was continuously, intentionally, willfully and maliciously harassed and discriminated against by defendant because he is African-American.

80. Plaintiff is entitled to an award against the defendant for economic damages resulting from the aforementioned race discrimination.

81. The plaintiff is entitled to an award against the defendant for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned race discrimination.

## AS AND FOR A FIFTH CLAIM AGAINST DEFENDANTS
## FOR DISCRIMINATION BASED ON COLOR PURSUANT TO
## <u>NEW YORK EXECUTIVE LAW §296</u>

82. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 81 of this Complaint as though fully and completely set forth herein at length.

83. This claim is one for unlawful discriminatory practice, pursuant to §§291(1), (6) and (7) of the New York Executive Law and for which a claim is authorized by an aggrieved individual pursuant to §297(9) of the New York Executive Law.

84. At the time all of the occurrences complained of herein were committed, Plaintiff was in the employ of defendants, having commenced his employment in 1997.

85. The acts that Plaintiff complains of herein were all committed upon him while he was in the course of his employment with defendant and while Plaintiff belonged to a group protected against such acts.

86. During his employment with defendant, Plaintiff was denied equal terms and conditions of employment and victimized from a hostile environment.

87. During his employment with defendant, Plaintiff was continuously, intentionally, willfully and maliciously harassed and discriminated against by defendant because he is Black.

88. Plaintiff is entitled to an award against the defendant for economic damages resulting from the aforementioned discrimination based on color.

89. The plaintiff is entitled to an award against the defendant for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned discrimination based on color.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS FOR RETALIATION IN VIOLATION OF EXECUTIVE LAW § 296(1)(e) and (7)

90. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 89 of this Complaint as though fully and completely set forth herein at length.

91. The aforementioned conduct by the defendants constitutes unlawful retaliation for complaining of discrimination based on race and color under the New York State Human Rights Law.

92. The aforementioned unlawful retaliation for complaining of discrimination based on race and color by the defendants was intentional.

93. Plaintiff was and is damaged by the aforementioned unlawful retaliation.

94. Plaintiff is entitled to an award against the defendants for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned retaliation.

95. The plaintiff is entitled to an award against the defendant for the pain, humiliation, and loss of enjoyment of life resulting from the aforementioned discrimination based on color.

96. Plaintiff is entitled to an award against the defendant for economic damages resulting from the aforementioned retaliation.

**WHEREFORE**, the Plaintiff demands judgment against all of the defendants, jointly and severally, for:

(1) back-pay and back-benefits on the First, Second, Third, Fourth, Fifth and Sixth Claims;

(2) an award on compensatory damages for all economic, emotional, and psychic injuries on the First, Second, Third, Fourth, Fifth and Sixth Claims.

(3) punitive damages on the First, Second and Third Claims;

(4)    an award of reasonable attorney fees on the First, Second and Third Claims;

(5)    costs and interest on all counts, and

(6)    all such other relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues.

Dated: New York, New York
       May 24, 2006

By:_____
    ROBERTO CAMPOS-MARQUETTI, Esq.
    (RCM7237)
    CAMPOS-MARQUETTI & PAGAN. PLLC.
    67 Wall Street, Suite 2211
    New York, NY 10005